UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00031-MOC-DLH

| | | |
|---|---|---|
| **HYNES INDUSTRIES, INC.** and **AMERICAN ROLL FORMED PRODUCTS CORP.**, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) ) | ORDER |
| **SCHLETTER INC.**, | ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on plaintiffs' consolidated Motion for Temporary Restraining Order [hereinafter "TRO"], Motion for Preliminary Injunction, and Motion for Permanent Injunction (#8), filed February 9, 2018. Those motions are supported by a Memorandum in Support (#9), which cites provisions of the verified Complaint (#1), attachments thereto, and relevant authority.

As plaintiff has not yet filed proof of service of the Complaint, the Court has considered the included TRO motion as an ex parte request for issuance of a TRO. The court has expedited consideration of this request given the time-sensitive nature of plaintiff's Motion, the recent nature of the events underlying the request, and the gravity of the harm outlined in the pleadings.

**FINDINGS AND CONCLUSIONS**

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b)(1), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. "[T]he issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.). Plaintiffs address at length the obligation contained in Rule 65(b)(1)(A). Before the Court can consider the substance of those averments in the context of a request for a TRO, it must first consider whether defendant's right to notice and an opportunity to be heard are overcome by a showing under Rule 65(b)(1)(B).

Considering a matter *ex parte* is an exceptional procedure. In 1966, Rule 65 was amended to include subsection (b)(1)(B) in light of due process considerations:

> In view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted.
> ***
> Before notice can be dispensed with, the applicant's counsel must give his certificate as to any efforts made to give notice and the reasons why notice should not be required. This certificate is in addition to the requirement of an affidavit or verified complaint.

Fed.R.Civ.P. 65(b) Advisory Committee's Note to 1966 Amendment. A district court must "scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders." Leslie v. Penn Cent. R. Co., 410 F.2d 750, 751 (6th Cir. 1969) (quoting Austin v. Altma, 332 F.2d 273, 275 (2d Cir. 1964)); Stevens v. Boston Sci. Corp., 2:16-CV-0265, 2016 WL 9223855, at *1 (S.D.W. Va. Jan. 13, 2016).

While the docket is replete with pleadings filed on February 9, 2018, and includes the verified Complaint and a most-thorough Memorandum of Law, the Court cannot locate the

required Certificate or, for that matter, any portion of the brief that could be deemed an equivalent. While both the Motion and Memorandum have a "Certificate of Service," that Rule 5(d)(1) appendage does not contain the information envisioned by Rule 65(b)(1)(B) which "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1)(B). While the Memorandum contains an in-depth discussion of the recent negotiations between the parties in attempting to secure payment (or assurances of payment), the Memorandum does not provide the Court with sufficient information upon which it could conclude that Rule 65(b)(1)(B) has been satisfied. The Court will, therefor, deny the TRO motion.

While the Court will not issue a TRO, it is, however, readily apparent from the pleadings that plaintiffs are faced with a grave economic situation. While they assert multiple causes of action in the Complaint, the essence of those claims is that, through misrepresentations made by defendant, they, as subcontractors or materialmen, were lulled into inaction in collecting on the debt owed to them by defendant, a superior subcontractor. They further allege that through a series of engineering errors, defendant has incurred greater costs than it anticipated in a number of major projects and is unable to pay its suppliers. Indeed, plaintiffs allege that based on such misrepresentation they did not perfect any mechanic's or materialman's liens. Plaintiff now fears that defendant is insolvent and will soon seek protection in bankruptcy, which would likely result in irreparable harm to their business inasmuch as the outstanding (and apparently unsecured) debt exceeds six million dollars.

While the TRO will not issue, the Court will expedite the briefing and hearing of the Motion for Preliminary Injunction.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for a Temporary Restraining Order (#2) is **DENIED** without prejudice, and the Motion for Preliminary Injunction is **CALENDARED** for an adversarial hearing on March 6, 2018, at 2:00 p.m. at the United States Courthouse, 100 Otis St., Asheville, North Carolina. Defendant shall have 7 days from issuance of this Order to file its written Response and plaintiffs shall have 7 days to file any Reply. If the Court grants the Preliminary Injunction, the parties should be prepared to discuss at that hearing the Motion to Appoint Receiver (#10) and the Motion for Prejudgment Attachment (#12).

As defendant has not been served, the Court tasks counsel for the plaintiffs with serving a copy of this Order on the corporate defendant and its agent for service of process. As a courtesy, plaintiffs shall also serve a copy of this Order on any attorney who they know is representing or likely to represent defendant in this matter as well as in house counsel, if any.

Signed: February 13, 2018

Max O. Cogburn Jr
United States District Judge